UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


RODNEY D. ZEUNE,

      Plaintiff,

                                        Civil Action 2:14-cv-00153
v.                               Judge Edmund A. Sargus
                               Magistrate Judge Elizabeth P. Deavers

GARY MOHR, *et al.*,

      Defendants.

## REPORT AND RECOMMENDATION

      Plaintiff, Rodney D. Zeune, a state inmate who is proceeding without the assistance of

counsel, brings this action under 42 U.S.C. § 1983, alleging that Defendants[1] conspired to

withhold his legal mail in order to defeat his appeal for post-conviction relief.   This matter is

before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) and

1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any

portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted,

or seeks monetary relief from a defendant who is immune from such relief.   28 U.S.C. §

1915(e)(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).   Having

performed the initial screen, for the reasons set forth below, the Undersigned **RECOMMENDS**

that Plaintiff's claims against Mike DeWine, Ron O'Brien, Jennifer Hunt, Seth Gilbert, Jeremy

Smith, Sean T. McCullough, Judge John F. Bender, the Ohio Department of Rehabilitation and

---

[1]Plaintiff names the following as Defendants: Gary Mohr, Robin Knabb, Norm Robinson, Corby
Free, Gary Arledge, Amy Hamilton, Casey Johnson, Susan Pierce, Tondra Ogier, Rita Roman,
John Doe Mailroom, Jane Doe Mailroom, Mike DeWine, G. Craft, Ron O'Brien, Jennifer Hunt,
Seth Gilbert, Jeremy Smith, Sean T. McCullough, John F. Bender, the Ohio Department of
Rehabilitation and Corrections, and the State of Ohio.

Corrections ("ODRC"), and the State of Ohio be **DISMISSED** for failure to state claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2).   Plaintiff may proceed on his claims against Defendants Gary Mohr, Robin Knabb, Norm Robinson, Corby Free, Gary Arledge, Amy Hamilton, Casey Johnson, Susan Pierce, Tondra Ogier, Rita Roman, G. Craft, John Doe, and Jane Doe.

## I.

The Court assumes for the purpose of the initial screen that the following allegations contained in Plaintiff's Complaint are true.   Plaintiff's claims arise from his 2010 conviction for trafficking in drugs.   Defendant Judge Bender was the judge in the criminal trial and the Franklin County Prosecutor's Office ("Prosecutor's Office") prosecuted the case.   Plaintiff asserts that the Prosecutor's Office was dilatory in responding to discovery requests throughout the criminal proceedings.   After his conviction, Plaintiff appealed his sentence.   As part of this appeal, he sought evidence that he alleges the Prosecutor's Office withheld from discovery in his criminal trial.   He filed a motion to compel discovery, which Judge Bender denied.   Plaintiff contends that Judge Bender and the Prosecutor's Office were complicit in a cover-up related to his criminal trial.

On October 20, 2012, Plaintiff submitted a complaint against Judge Bender to the Chillicothe Correctional Institute ("CCI") mailroom for mailing.   Plaintiff indicates that Defendant Ogier mailed the Complaint, but he never received receipt of its mailing.   Further, he contends that it was mailed without his inmate account statement despite his request that the account statement be included.   On November 18, 2012, Judge Bender filed a Motion to Dismiss the Complaint for failure to include the inmate account statement.   According to Plaintiff, he never received a copy of the Motion.   Plaintiff believes that Defendants O'Brien, McCullough, and Bender contacted Defendant Robinson to intercept and intentionally delay the mail to thwart

2

Plaintiff's response timeline.

On December 3, 2012, Plaintiff delivered a Motion intended for Ohio's Tenth District Court of Appeals to Defendant Roman in the CCI mailroom.   He asserts that Defendant Ogier obtained the Motion and held it for seven days before mailing.   The Tenth District received the Motion on December 12, 2012, and dismissed it as untimely filed.

Plaintiff filed a grievance against the CCI Mailroom for failing to deliver and for improperly handling and opening Plaintiff's legal mail outside of his presence.   On February 26, 2013, Plaintiff received a Decision of the Chief Inspector which stated the following:

> [I]t is determined that your legal mail (in envelope form) was in fact opened without you present, thereby violating AR 5120-9-17.   As a result, this office instructs the Inspector to inform staff in the Cashier's Office and Mailroom at CCI of the requirements set forth in AR 5120-9-17 relative to clearly marked legal mail. The legal mail in question, although opened improperly, was in fact delivered to you on the same day it was received at CCI therefore alleviating any concerns that your legal activities were impaired.

(Grievance Rec. 1, ECF No. 1-2.)

Plaintiff seeks monetary damages, injunctive relief, and declaratory relief.   He also requests that the Court apply the federal mailbox rule to state inmates.   Specifically, he asks for $2 million in damages and punitive damages of $250,000.   He asks the Court to order Defendants to cease and desist in improper handling of mail and to declare this policy unconstitutional.   Finally, he seeks a declaratory judgment that Defendants have committed various violations of criminal law and Administrative Rule 5120-9-17.

## II.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent."   *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are

assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing

frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319,

324 (1989)). To address this concern, Congress included subsection (e)[2] as part of the statute,

which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
>              *       *       *
>
>      (B) the action or appeal--
>
>         (i) is frivolous or malicious;
>
>         (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte*

dismissal of an action upon the Court's determination that the action is frivolous or malicious, or

upon determination that the action fails to state a claim upon which relief may be granted.

      To properly state a claim upon which relief may be granted, a plaintiff must satisfy the

basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also*

*Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure

12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule

8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and*

factual demands on the authors of complaints." *16630 Southfield Ltd.*, *P'Ship v. Flagstar Bank*,

*F.S.B.*, 727 F.3d 502, 503 (6th Cir. Aug. 14, 2013).

      Although this pleading standard does not require "'detailed factual allegations,' . . . [a]

---

     [2] Formerly 28 U.S.C. § 1915(d).

pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

### III.

At this time, the Court will allow Plaintiff to proceed on his claims against Defendants Gary Mohr, Robin Knabb, Norm Robinson, Corby Free, Gary Arledge, Amy Hamilton, Casey Johnson, Susan Pierce, Tondra Ogier, Rita Roman, G. Craft, John Doe, and Jane Doe. The Undersigned concludes, however, that Plaintiff has failed to state a claim upon which relief may be granted with regard to his claims against Judge John F. Bender, Ron O'Brien, Jennifer Hunt, Seth Gilbert, Jeremy Smith, Sean T. McCullough, Mike DeWine, ODRC, and the State of Ohio.

As a preliminary matter, although Plaintiff styles this case as a civil rights action under 42 U.S.C. § 1983, to the extent he is challenging the fact or duration of his confinement, his sole

5

remedy in federal court is habeas corpus. *See Skinner v. Switzer*, 131 S.Ct. 1289, 1293 (2011) ("Habeas is the exclusive remedy . . . for the prisoner who seeks immediate or speedier release from confinement." (internal quotation marks and citation omitted)). For example, any challenge to Plaintiff's sentence or the validity of his criminal trial must be brought in a habeas action. Thus, to the extent any of Plaintiff's claims challenge the fact or duration of his confinement, the Court will not address these issues in this case.

## A.     Judicial and Prosecutorial Immunity

Plaintiff's claim against Judge Bender is barred by absolute judicial immunity. Judges who preside over courts of general jurisdiction are "absolutely immune from suits for damages even if they act erroneously, corruptly, or in excess of jurisdiction." *King v. Love*, 766 F.2d 962, 965 (6th Cir. 1985). Although two exceptions to the doctrine of judicial immunity exist, Plaintiff does not indicate in his Complaint that either of those two circumstances is present here. *See Stump v. Sparkman*, 435 U.S. 349, 357 (1978) (recognizing exceptions to judicial immunity where a judge acts in the "clear absence of all jurisdiction," or when the judge performs "non judicial acts."). Specifically, Plaintiff does not challenge Judge Bender's jurisdiction to preside over his criminal trial or to rule on discovery motions related to the trial. In addition, Judge Bender's decision to deny Plaintiff's Motion to Compel constitutes a judicial act subject to immunity. *DiPiero v. City of Macedonia*, 180 F.3d 770, 784 (6th Cir. 1999) (holding that to determine whether an act is "non judicial" courts look to the nature of the act itself, especially where it is one that a judge normally performs, as well as the expectations of the parties, including whether they were dealing with the judge in his or her judicial capacity).

Plaintiff's claims against Defendants O'Brien, Hunt, Gilbert, Smith, and McCullough are barred by prosecutorial immunity. Each of these defendants served as prosecutors or otherwise

were employed by the Franklin County Prosecutor's Office during Plaintiff's criminal trial and subsequent proceedings when Plaintiff filed motions against Judge Bender. "[A] prosecutor enjoys absolute immunity from § 1983 suits for damages when he [or she] acts within the scope of his [or her] prosecutorial duties." *Imbler v. Patchman*, 424 U.S. 409, 420 (1976). "'Absolute prosecutorial immunity is not defeated by a showing that the prosecutor acted wrongfully or even maliciously, or because the criminal defendant ultimately prevailed on appeal or in a habeas corpus proceeding.'" *Grant v. Holenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989) (quoting M. Schwartz & J. Kirklin, *Section 1983 Litigation: Claims, Defenses, and Fees* § 7.8 (1986)). Plaintiff does not assert that these Defendants were acting outside of their prosecutorial duties when they tried him during his criminal case and later represented Judge Bender. Defendants are also immune from Plaintiff's conspiracy claims. *Grant*, 870 F.2d at 1139 (concluding that prosecutors were entitled to absolute immunity for alleged perjury and conspiracy to bring false charges); *see also Ashleman v. Pope*, 793 F.2d 1072 (9th Cir. 1986) (holding that "a conspiracy between judge and prosecutor to predetermine the outcome of a judicial proceeding, while clearly improper, nevertheless does not pierce the immunity extended to judges and prosecutors.").

Accordingly, it is **RECOMMENDED** that this action be **DISMISSED** as to Defendants Bender, O'Brien, Hunt, Gilbert, Smith, and McCullough.

**B.      Eleventh Amendment Immunity**

**1.      Attorney General DeWine**

Plaintiff's sole allegation concerning Defendant Attorney General DeWine provides as follows:

> [O]nce [the alleged conspiracy was] brought to his attention, Ohio Attorney General . . . Mike DeWine, failed and refused to act whatsoever. Specifically, he claimed the illegal activities of Ron O'Brien's Office, . . . Ohio Department of Rehabilitation and Corrections[,] and the State of Ohio Employees created a

7

conflict of interest, if his Office became involved.   Accordingly, rather than pursuing a crime within his jurisdiction, Mr. DeWine did nothing to address these viable concerns.   His failure to act is actionable civilly herein.

(Compl. 21, ECF No. 1-1.)

Plaintiff has failed to state plausible claims for relief against Defendant Attorney General DeWine.   In order to plead a cause of action under § 1983, a plaintiff must plead two elements: "(1) deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under color of state law."   *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008) (citing *McQueen v. Beecher Cmty. Sch.*, 433 F.3d 460, 463 (6th Cir. 2006)).   To sufficiently plead the second element, a plaintiff must allege "personal involvement." *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008) (citation omitted).   This is because "§ 1983 liability cannot be imposed under a theory of *respondeat superior*."   *Id.* (citation omitted).   Thus, to hold a supervisor liable under § 1983, a plaintiff "must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct . . . ."   *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009).   Here, Plaintiff's Complaint provides insufficient factual content or context from which the Court could reasonably infer that Defendant DeWine was personally involved in any violation of Plaintiff's rights.   Instead, Plaintiff's Complaint consists of nothing more than "unadorned, the-defendant-unlawfully-harmed-me accusation[s]."   *Iqbal*, 556 U.S. at 678.   These pure legal conclusions or "legal conclusion[s] couched as [ ] factual allegation[s]" fail to satisfy the basic federal pleading requirements set forth in Rule 8(a). *Twombly*, 550 U.S. at 555.

To the extent Plaintiff seeks to assert a claim for damages against Defendant DeWine in his official capacity, his claim also fails.   The Eleventh Amendment of the United States Constitution operates as a bar to federal-court jurisdiction when a private citizen sues a state or its

instrumentalities unless the state has given express consent.  *Pennhurst St. Sch. & Hosp. v.*
*Halderman*, 465 U.S. 89, 100 (1983); *Lawson v. Shelby Cnty.*, 211 F.3d 331, 334 (6th Cir. 2000).
"It is well established that § 1983 does not abrogate the Eleventh Amendment."  *Harrison v.*
*Michigan*, No. 10-2185, 2013 WL 3455488, at *3 (6th Cir. July 10, 2013) (citing *Quern v. Jordan*,
440 U.S. 332, 341 (1979)).   Because Ohio has not waived its sovereign immunity in federal court,
it is entitled to Eleventh Amendment immunity from suit for monetary damages.  *Mixon v. State*
*of Ohio*, 193 F.3d 389, 397 (6th Cir. 1999).   Accordingly, to the extent Plaintiff seeks to assert a
claim for compensatory damages against Defendant DeWine in his official capacity, the Court
must dismiss that claim as barred by the Eleventh Amendment.

> **2.     ODRC and the State of Ohio**

Plaintiff's claims against ODRC and the State of Ohio are also barred by the Eleventh
Amendment.   "[A] state is not a 'person' subject to suit under § 1983."  *Peeples v. Dep't of*
*Rehab. & Corr.*, 61 F.3d 904, at *1 (6th Cir. 1995) (citing *Will v. Michigan Dep't of State Police*,
491 U.S. 58, 70-71 (1989)).   "[U]nless expressly waived, a state and its agencies are immune
from an action for damages and injunctive relief, and in some cases even declaratory relief, in
federal court."  *Peeples* at *1 (citing *Welch v. Texas Dep't of Highways and Pub. Transp.*, 483
U.S. 468, 472-73 (1987)).   Here, the State of Ohio has not expressly waived its sovereign
immunity.   ODRC is an agency of the State of Ohio.  *Lowe v. Ohio Dep't of Rehab. & Corr.*, 168
F.3d 490, at *2 (6th Cir. 1998).   Accordingly, the Court must dismiss Plaintiff's claims against
ODRC and the State of Ohio.

> **IV.**

It is **RECOMMENDED** that Plaintiff's claims against Defendants John F. Bender, Ron
O'Brien, Jennifer Hunt, Seth Gilbert, Jeremy Smith, Sean T. McCullough, Mike DeWine, ODRC,

and the State of Ohio be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e) and 1915A.

    The Court will allow Plaintiff to proceed on his claims against Defendants Gary Mohr, Robin Knabb, Norm Robinson, Corby Free, Gary Arledge, Amy Hamilton, Casey Johnson, Susan Pierce, Tondra Ogier, Rita Roman, G. Craft, John Doe, and Jane Doe for his claims related to interference with his legal mail.   The United States Marshal is **DIRECTED** to serve by certified mail upon each of the Defendants a summons, a copy of the Complaint, and a copy of this Order. Each Defendant is **ORDERED** to answer or otherwise respond to the Complaint within **FORTY-FIVE (45) DAYS** after being served with a copy of the Complaint and Summons. Furthermore, the Clerk is **DIRECTED** to mail a courtesy copy of the Complaint and this Order to the Ohio Attorney General's Office.

## PROCEDURE ON OBJECTIONS

    If Plaintiff seeks review by the District Judge of this Report and Recommendation, he may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.   28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

    Plaintiff is specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.   *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United*

*States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).   Even when timely objections are filed, appellate review of issues not raised in those objections is waived.   *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).


Date:   April 11, 2014                                        /s/ *Elizabeth A. Preston Deavers*
                                                    Elizabeth A. Preston Deavers
                                                    United States Magistrate Judge

11