UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RODNEY D. ZEUNE.,**

    **Plaintiff,**

    v.

    Civil Action 2:14-cv-153
    Chief Judge Edmund A. Sargus
    Magistrate Judge Elizabeth P. Deavers

**GARY MOHR, et al.,**

    **Defendants.**

## REPORT AND RECOMMENDATION

This matter is before the Court for consideration of Plaintiff's Motion for Summary Judgment (ECF No. 30), Defendants' Memorandum in Opposition (ECF No. 36), Plaintiff's Reply (ECF No. 38), Defendants' Motion for Summary Judgment (ECF No. 32), Plaintiff's Memorandum in Opposition (ECF No. 35.), and Defendants' Reply (ECF No. 37). For the reasons that follow, it is **RECOMMENDED** that Plaintiff's Motion for Summary Judgment be **DENIED** and that Defendants' Motion for Summary Judgment be **GRANTED**.

### I. BACKGROUND

Plaintiff, a former prison inmate under the custody and control of the Ohio Department of Rehabilitation and Correction, was incarcerated at the Chillicothe Correctional Institution ("CCI") at the time of the filing of his Complaint. (Doc. No. 1-1 at 6.) Plaintiff brought his claims pursuant to 42 U.S.C. § 1983 alleging violations of the "First, Fifth, Sixth[1], Eight[h] and

---

[1] The Sixth Amendment, as incorporated against the states in the Fourteenth Amendment, guarantees the right to a speedy and public trial by jury, the right to confront accusers and witnesses, the right to compulsory process for obtaining witnesses, and the right of assistance of

Fourteeth [sic] Amendment[s]." (Doc. No 1-1 at 6.) Plaintiff asserts that Defendants[2] interfered with his First Amendment access to the courts, conspired to interfere with his First Amendment access to the courts, violated his Fifth and Fourteenth Amendment due process rights, and violated his Fourteenth Amendment equal protection rights. (*Id*.) Plaintiff is seeking injunctive relief prohibiting Defendants from certain alleged conduct in the handling of prisoner mail, monetary relief in the amount of two million dollars compensatory and $250,000 punitive damages, declaratory relief, and application of the "Prison Mailbox Rule" to prison inmates in the state of Ohio. (Doc. No. 1-1 at 23-26.) On June 4, 2015, the Court adopted the Magistrate Judge's Report and Recommendation, dismissing Plaintiff's claims for injunctive relief. (ECF No. 39.)

Plaintiff's Complaint alleges four instances of mishandling of his legal mail. All of the subject legal mail arose in connection with a matter filed by Plaintiff in the Ohio state court system against former Judge of the Franklin County Court of Common Pleas, John F. Bender. According to Plaintiff, Defendants mishandled (1) his outgoing legal mail to the Ohio Supreme Court on October 20, 2012; (2) his incoming legal mail from the Franklin County Prosecutor's Office ("FCPO") on November 21, 2012; (3) his outgoing legal mail to the Ohio Tenth District Court of Appeals on December 3, 2012; and (4) his incoming legal mail from the Correctional

---

counsel in a criminal case. The facts alleged in Plaintiff's Complaint do not allege a violation of any Sixth Amendment guarantee.

[2] Plaintiff's Complaint named twenty-two defendants. On May 6, 2014 the Court adopted the Magistrate Judge's Report & Recommendation resulting in the dismissal of Plaintiff's claims against nine defendants. (ECF No. 14.) Two "John Doe" and "Jane Doe" defendants remain unnamed and unserved. Remaining as defendants in their individual capacities in this matter are Gary C. Mohr, Robin Knab, Norm Robinson, Corby Free, Paul Arledge, Andy Hamilton, Cassie Johnson, Susan Pierce, Tondra Ogier, Rita Roman, and Gary Croft.

Institution Inspection Committee ("CIIC") on December 13, 2012 and December 18, 2012. (Doc. No. 1-1 at 13-17.)

### A. October 20, 2012 Outgoing Mail to the Ohio Supreme Court

According to Plaintiff's Complaint, on October 20, 2012, Plaintiff attempted to mail a complaint in the matter against Judge Bender along with an Inmate Account Statement via the CCI mailroom to the Ohio Supreme Court. (ECF No. 1-1 at 13.) Plaintiff claims that despite insufficient funds in his inmate account, Defendant Ogier mailed the complaint, but without including the Inmate Account Statement. (*Id*.) Defendant Ogier states in her affidavit that Plaintiff's outgoing legal mail "was not processed due to the insufficient funds, and instead was returned to the Mailroom for subsequent delivery to [Defendant]." (ECF No. 32-12 at 3.) The parties do not dispute that the complaint was received and docketed by the Ohio Supreme Court on October 24, 2012. (ECF No. 1-1 at 13; ECF No. 32-2 at 2.)

### B. November 21, 2012 Incoming Mail from the Franklin County Prosecutor's Office

On November 19, 2012, the FCPO, acting as counsel for Judge Bender, filed a motion to dismiss Plaintiff's claims with the Ohio Supreme Court. According to Defendants, the Franklin County Prosecutor's Office mailed to Plaintiff his service copy of the motion. (ECF No. 32 at 7.) In his Complaint, Plaintiff states that Defendants opened this piece of mail outside his presence and failed to observe other regulations governing the delivery of legal mail. (ECF No. 1-1 at 14-15.) Plaintiff also claims that the legal mail may have contained materials other than the motion to dismiss. (*Id*.) On November 28, 2012 the Ohio Supreme Court docketed Plaintiff's memorandum in opposition to Judge Bender's motion to dismiss. (ECF No. 32-3 at

3

2.) On January 23, 2013 the Ohio Supreme Court denied Judge Bender's motion to dismiss and granted the writ sought by Plaintiff. (*Id.*)

Plaintiff initiated the administrative grievance process resulting in a final Decision of the Chief Inspector concluding that Plaintiff's "legal mail (in envelope form) was in fact opened without [Plaintiff] present thereby violating AR 5120-9-17." (ECF No 32.4 at 10.)  The same report noted that although the legal mail was improperly handled, it "was in fact delivered . . . on the same day it was received at CCI therefore alleviating any concerns that [Plaintiff's] legal activities were impaired." (*Id.*)

**C. December 3, 2012 Outgoing Legal Mail to the Ohio Tenth District Court of Appeals**

Plaintiff states that on December 3, 2012 he delivered to Defendant Roman in the CCI mailroom a motion for reconsideration to mail to the Ohio Tenth District Court of Appeals. (ECF No. 1-1 at 16.)  Plaintiff claims that Defendant Roman delivered the legal mail to Defendant Ogier, who then held it for seven days before mailing it. (*Id.*)  The Tenth District Court of Appeals received this piece of legal mail on December 12, 2012 and on December 31, 2012 dismissed his motion as untimely filed. (*Id.*; ECF No. 32 at 16.)

Defendants point to Plaintiff's reply brief to the Tenth District, which states that Defendants "mailed my Application on December 3, 2012." (ECF No. 32-10 at 1.)  Plaintiff's Inmate Account Statement indicates that $0.20 of "Postage Charges" was charged to Plaintiff on December 3, 2012. (ECF No. 32-2 at 8.)  In her affidavit, Defendant Ogier states that, "after the postage had been applied, his mailing was sent to the Mailroom for subsequent mailing to the Tenth District Court of Appeals." (ECF No. 32-12 at 2.)

4

**D. December 13, 2012 and December 18, 2012 Incoming Mail from the Correctional Institution Inspection Committee**

In December 2012, in response to complaints about the handling of his legal mail, Plaintiff received two responses from the CIIC. The parties do not dispute that the CCI mailroom improperly handled these pieces of incoming legal mail. (ECF No. 1-1 at 16-17; ECF No. 32 at 13.) CCI staff opened the CIIC responses outside of Plaintiff's presence and improperly delivered the letters without obtaining Plaintiff's signature on the incoming mail log. (*Id.*)

## II. Standard of Review

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The moving party has the initial burden of proving that no genuine issue of material fact exists, and the court must draw all reasonable inferences in the light most favorable to the nonmoving party." *Stansberry v. Air Wisconsin Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotations omitted); *cf.* Fed. R. Civ. P. 56(e)(2) (providing that if a party "fails to properly address another party's assertion of fact" then the Court may "consider the fact undisputed for purposes of the motion").

"Once the moving party meets its initial burden, the nonmovant must 'designate specific facts showing that there is a genuine issue for trial.'" *Kimble v. Wasylyshyn*, No. 10–3110, 2011 WL 4469612, at *3 (6th Cir. Sept. 28, 2011) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)); *see also* Fed. R. Civ. P. 56(c) (requiring a party maintaining that a fact is genuinely disputed to "cit[e] to particular parts of materials in the record"). "The nonmovant must,

5

however, do more than simply show that there is some metaphysical doubt as to the material facts, . . . there must be evidence upon which a reasonable jury could return a verdict in favor of the non-moving party to create a genuine dispute." *Lee v. Metro. Gov't of Nashville & Davidson Cnty.*, 432 F. App'x 435, 441 (6th Cir. 2011) (internal quotation marks and citations omitted). In considering the factual allegations and evidence presented in a motion for summary judgment, the Court must "afford all reasonable inferences, and construe the evidence in the light most favorable to the nonmoving party." *Cox v. Kenlucky Dep't of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995). "When a motion for summary judgment is properly made and supported and the nonmoving party fails to respond with a showing sufficient to establish an essential element of its case, summary judgment is appropriate." *Stansberry*, 651 F.3d at 486 (citing *Celotex*, 477 U.S. at 322–23).

### III. Analysis

Plaintiff brings his claims against Defendants under 42 U.S.C. § 1983, which provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress.

In order to proceed under § 1983, a plaintiff must prove both that (1) the perpetrator acted under color of state law; and (2) the conduct deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *Brandon v. Allen*, 719 F.2d 151, 153 (6th Cir.1983), *rev'd and remanded sub nom*, *Brandon v. Holt*, 469 U.S. 464 (1985). As a general rule, a plaintiff proceeding under

6

§ 1983 must allege that the deprivation of his rights was intentional or at least the result of gross negligence. *Davidson v. Cannon*, 474 U.S. 344, 348 (1986). Mere negligence is not actionable under § 1983. *Chesney v. Hill*, 813 F.2d 754, 755 (6th Cir. 1987).

**A. October 20, 2012 Outgoing Mail to the Ohio Supreme Court**

    **1. First and Fourteenth Amendment Right of Access to the Courts**

In considering Plaintiff's claims, the Undersigned is mindful that prisoners enjoy a First and Fourteenth Amendment right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 354 (1996). The right of a prisoner to receive legal mail, therefore, is considered to be a basic, fundamental right deserving of special treatment. *Kensu v. Haigh*, 87 F.3d 172, 174 (6th Cir. 1996). To prove a constitutional deprivation, however, it is not enough to show that defendants denied a prisoner access to legal materials. *Lewis*, 518 U.S. at 249–51. A plaintiff must show "specific or concrete prejudice to his cause." *Pilgrim v. Littlefield*, 92 F.3d 413, 415–16 (6th Cir. 1996). Such specific or concrete prejudice includes the dismissal of an appeal because late mailing of a prisoner's claim of appeal by prison officials caused it to be filed late, resulting in the dismissal of the appeal. *Dorn v. Lafler*, 601 F.3d 439, 444 (6th Cir. 2010). A plaintiff must allege that the prison official's conduct amounted to denial of access to the courts or some form of censorship of speech. *See Corsetti v. McGinnis*, 24 F. App'x. 238, 241 (6th Cir. 2001) ("Regarding the alleged reading of Corsett''s legal mail and legal materials, Corsetti has not alleged, nor is there any evidence, that any papers were seized or that the defendants' reading of the papers caused actual injury or 'hindered his efforts to pursue a legal claim.'" (quoting *Lewis v. Casey*, 518 U.S. 343, 351 (1996))); *see also Wardell v. Duncan*, 470 F.3d 954, 959 (10th Cir. 2006) ("A plaintiff must show that non-delivery of his legal mail resulted in actual injury by

7

frustrating, impeding, or hindering his efforts to pursue a legal claim.") (internal quotation marks and citations omitted). An isolated incident of inadvertent mail interference does not state a claim that rises to the level of constitutional magnitude, and is therefore not actionable under § 1983. *Smith v. Maschner*, 899 F.2d 940, 944 (10th Cir. 1990); *Stevenson v. Koskey*, 877 F.2d 1435, 1441 (9th Cir. 1989); *Morgan v. Montanye*, 516 F.2d 1367, 1370-71 (2d Cir. 1975); *Bach v. Illinois*, 504 F.2d 1100, 1102 (7th Cir. 1974); *Jackson v. Williams*, No. 1:11-CV-01841, 2011 WL 6326123 at *2 (N.D. Ohio Dec. 16, 2011); *Searcy v. Culhane*, No. 09–CV–10174, 2009 WL 1864028 at *7 (E.D. Mich. June 29, 2009). To succeed, a plaintiff must show more than mere negligence on the part of defendants. *See Gibbs v. Hopkins*, 10 F.3d 373, 379 (6th Cir. 1993) ("These actions, if proven, and if intentional, support the claim that prison officials are attempting to deny prisoners effective access to the courts.")

Although the parties do not agree on how Plaintiff's October 20, 2012 outgoing mail reached the Ohio Supreme Court, they do not dispute that the complaint was received and docketed by the court on October 24, 2012. (ECF No. 1-1 at 13; ECF No. 32-2 at 2.) Plaintiff, therefore, did not suffer any concrete prejudice in the underlying legal matter, such as dismissal because of late mailing, by Defendants' conduct. Defendants conduct, thus, does not amount to a constitutional deprivation of Plaintiff's rights. *Pilgrim* 92 F.3d at 415–16. Furthermore, Plaintiff has not provided evidence in the record regarding Defendant's handling of his October 20, 2012 outgoing mail. (ECF No. 38 at 9-16.) Even if Plaintiff's allegation that the mailroom staff improperly mailed his complaint without his inmate account statement is accepted as fact, it would only demonstrate negligence on the part of Defendants. To succeed, however, Plaintiff

8

must show more than mere negligence. *Gibbs*, 10 F.3d at 379. Plaintiff's claim for violation of his First and Fourteenth Amendment right of access to the courts is without merit.

### 2. Fourteenth Amendment Due Process[3]

> The Due Process Clause has a procedural component and a substantive one. The two components are distinct from each other because each has different objectives, and each imposes different constitutional limitations on government power. A procedural due process limitation, unlike its substantive counterpart, does not require that the government refrain from making a choice to infringe upon a person's life, liberty, or property interest. It simply requires that the government provide "due process" before making such a decision.

*Howard v. Grinage,* 82 F.3d 1343, 1349–1353 (6th Cir. 1996). The goal is to minimize the risk of erroneous deprivation, to assure fairness in the decision-making process, and to assure that the individual affected has a participatory role in the process. *Id.* Procedural due process requires that an individual be given the opportunity to be heard "in a meaningful manner." *Loudermill v. Cleveland Bd. of Educ.,* 721 F.2d 550, 563 (6th Cir. 1983). Procedural due process claims do not consider the egregiousness of the deprivation itself, but only question whether the process accorded to the deprivation was constitutionally sufficient. *Id.* at 1350. Although the existence of a protected liberty interest is the threshold determination, the focus of this inquiry centers on the process provided, rather than on the nature of the right.

A prison inmate has a liberty interest in receiving his mail. *Stanley v. Vining*, 602 F.3d 767, 770 (6th Cir. 2010) (citing *Procunier v. Martinez*, 416 U.S. 396, 418 (1974), *overruled on other grounds*, *Thornburgh v. Abbott*, 490 U.S. 401 (1989)). Violation of a state statute or regulation alone is insufficient to constitute an action under § 1983. *Stanley*, 602 F.3d at 769.

---

[3] Plaintiff also alleges violations of his Fifth Amendment Due Process Rights. The due process clause of the Fifth Amendment prevents the federal government from depriving "any person of life, liberty, or property without due process of law." Plaintiff, however, does not assert federal government involvement in any of the alleged misconduct.

When an action involves a due process violation for random and unauthorized acts of prison officials, a Plaintiff must allege a deprivation of a liberty interest for which there is no adequate state remedy. *Id.* (citing *Parratt v. Taylor*, 451 U.S. 527, 538 (1981)).

Substantive due process, on the other hand, serves the goal of preventing "governmental power from being used for purposes of oppression," regardless of the fairness of the procedures used. *Daniels v. Williams,* 474 U.S. 327, 331 (1986).  "Substantive due process serves as a vehicle to limit various aspects of potentially oppressive government action." *Howard*, 82 F.3d at 1349.  It serves as a check on official misconduct which infringes on a "fundamental right;" or as a limitation on official misconduct, which although not infringing on a fundamental right, is so "shocking to the conscious," as to rise to the level of a constitutional violation. *Id.*

### a. Procedural Due Process

Plaintiff has not suffered a deprivation of either a property or liberty interest by Defendants' handling of his October 20, 2012 outgoing legal mail.  It is undisputed that Plaintiff was not deprived of the receipt of his mail, and that his complaint was received and docketed by the recipient.  Furthermore, as with his First and Fourteenth Amendment access to the courts claim, Plaintiff has failed to present evidence that would show Defendants acted with more than mere negligence.  Plaintiff's claim for violation of his Fourteenth Amendment procedural due process rights is, therefore, without merit.

### b. Substantive Due Process

Prisoners do not have independent substantive due process interests in their legal mail. *Banks v. Sheldon*, No. 3:13-cv-00020, 2013 WL 1947166 at *4 (N.D. Ohio May 9, 2013.)  Where a particular Amendment "provides an explicit textual source of constitutional protection"

10

against a particular sort of government behavior, "that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims." *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (citing *Graham v. Connor*, 490 U.S. 386, 395 (1989). In prisoner legal mail cases, therefore, the First Amendment, incorporated against the states by the Fourteenth Amendment, provides the source of substantive constitutional protection. *Stanley v. Vining*, 602 F.3d 767, 770 (6th Cir. 2010); *see Banks v. Sheldon*, No. 3:13-CV-00020, 2013 WL 1947166 at *4 (N.D. Ohio May 9, 2013) (applying First Amendment court access analysis to substantive due process claim). Accordingly, Plaintiff fails to establish a substantive due process claim based on Defendants' handling of his mail.

## B. November 21, 2012 Incoming Mail from the Franklin County Prosecutor's Office (FCPO)

The parties do not dispute that Defendants mishandled Plaintiff's November 21, 2012 incoming legal mail by opening it outside his presence. Plaintiff, however, cannot show any concrete prejudice in the underlying legal matter because the Ohio Supreme Court docketed Plaintiff's mishandled motion. (ECF No. 32-3 at 2.) Furthermore, on January 23, 2013 the Ohio Supreme Court granted the writ sought by Plaintiff in the underlying legal matter. (*Id*.) Even if Plaintiff could show prejudice, he has not provided evidence in the record that would suggest anything other than mere negligence on the part of Defendants. Plaintiff's claim for violation of his First and Fourteenth Amendment right of access to the courts is, therefore, without merit.

Plaintiff has not suffered a deprivation of either a property or liberty interest by Defendants' handling of his November 21, 2012 incoming legal mail. He was not deprived of the receipt of his mail, which reached him the same day. Furthermore, Plaintiff successfully availed himself of the grievance process. (ECF No. 32-4 at 10.) Additionally, as with his First

11

and Fourteenth Amendment access to the courts claim, Plaintiff has failed to present evidence that would show Defendants acted with more than mere negligence.  Plaintiff's claim for violation of his Fourteenth Amendment procedural due process rights is, therefore, without merit.  As noted above, Plaintiff has no independent substantive due process interest in his legal mail.

**C.  December 3, 2012 Outgoing Legal Mail to the Ohio Tenth District Court of Appeals**

In their pleadings, the parties dispute Defendant Roman's handling of Plaintiff's December 3, 2012 outgoing legal mail.  Plaintiff claims that Defendants improperly held his mail for seven days, which resulted in his motion in the underlying legal matter being denied as untimely filed.   Plaintiff's Complaint, however, is unverified.  The evidence viewed by a court when adjudicating a motion for summary judgment includes depositions, documents, electronically stored information, affidavits and declarations, stipulations, admissions, and interrogatory answers.  Fed. R. Civ. P. 56.  Thus, unverified pleadings, such as unverified complaints, are not considered Rule 56 evidence.  Speculative and conclusory allegations are insufficient to withstand a motion for summary judgment. *See, e.g., Emmons v. McLaughlin*, 874 F.2d 351, 354–55 (6th Cir. 1989); *Hamilton v. Roberts*, No. 97–1696, 1998 WL 639158 (6th Cir. Sept. 10, 1998).

Plaintiff's Complaint, therefore, cannot create a genuine dispute as to a material fact.  The affidavits attached to Plaintiff's Motion for Summary Judgment, moreover, do not address the handling of this piece of legal mail.  (ECF No. 38 at 9-16.)    Exhibits attached to Defendants' Motion for Summary Judgment, however, do show that Plaintiff's inmate account was charged for postage on December 3, 2012.  (ECF No. 32-2 at 8.)  Plaintiff has presented no

12

evidence that would show Defendants either improperly handled Plaintiff's outgoing mail or acted with anything beyond mere negligence if they had improperly handled Plaintiff's mail. Plaintiff's claims with respect to his December 3, 2012 outgoing legal mail are, therefore, without merit.

### D. December 13, 2012 and December 18, 2012 Incoming Mail from the Correctional Institution Inspection Committee

The parties do not dispute that Defendants mishandled Plaintiff's December 2012 incoming mail from the CIIC. Plaintiff does not allege, however, any concrete prejudice from this mishandling. (ECF No. 1-1 at 16-17.) Rather, Plaintiff asserts that Defendants' mishandling of his incoming legal mail from the CIIC violates Ohio administrative regulation 5120-9-17 and "Federal Postal Agent Rules." (ECF No. 1-1 at 17.) In the absence of concrete prejudice, Plaintiff cannot show a violation of his First and Fourteenth Amendment right of access to the courts. Furthermore, because Plaintiff had actual receipt of his legal mail in a timely fashion, he cannot show a violation of his due process rights. Although the parties do not dispute that Defendants violated state administrative regulations in the handling of Plaintiff's legal mail, a bare violation of state rules that does not implicate federal laws or the constitution is not a cognizable injury under § 1983. *See Voyticky v. Vill. of Timberlake, Ohio*, 412 F.3d 669, 678 (6th Cir. 2005) (explaining that a state law tort claim is not, on its own, "a cognizable constitutional claim remediable pursuant to 42 U.S.C. § 1983"). Plaintiff's claims with respect to his December 2012 incoming mail from the CIIC are, therefore, without merit.

### E. Eighth Amendment Claims

The Supreme Court has stated that conditions of incarceration "must not involve the wanton and unnecessary infliction of pain, nor may they be grossly disproportionate to the severity of the crime warranting imprisonment." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. A plaintiff must first show facts which establish that a sufficiently serious deprivation has occurred. *Id*. Seriousness is measured in response to "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). Routine discomforts of prison life do not suffice. *Id*. Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id*. at 9. Plaintiffs must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. *Id*. Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Liability cannot be predicated solely on negligence. *Id*. A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

A prisoner states an Eighth Amendment claim where he is denied some element of civilized human existence due to deliberate indifference or wantonness. *Wilson*, 501 U.S. at 298; *Street v. Corr. Corp. of America*, 102 F.3d 810, 814 (6th Cir. 1996). "In sum, this prong of the Eighth Amendment affords protection against conditions of confinement which constitute health threats, but not against those which cause mere frustration or annoyance." *Id*. (citing *Hudson*,

503 U.S. at 9–10).  Plaintiff, without explanation, asserts violations of the Eighth Amendment to the Constitution.  Failure to observe regulations for handling Plaintiff's legal mail is not an extreme deprivation which constitutes serious health risks.  Even assuming *arguendo* that his unsupported allegations are true, Plaintiff has, therefore, failed to state an Eighth Amendment claim upon which relief may be granted against Defendants.  Furthermore, measured under the Rule 56 standard, Plaintiff has provided no competent evidence with respect to his Eighth Amendment claims.  Accordingly, Plaintiff's Eighth Amendment claims are without merit.

**F.  Personal Involvement of Defendants Gary Mohr, Robin Knab, Paul Arledge, Amy Hamilton, Cassie Johnson, and Susan Pierce.**

Plaintiff cannot establish the liability of a defendant absent a clear showing that the defendant was personally involved in the activities that form the basis of the alleged unconstitutional behavior.  *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *see also Heyerman v. Cnty. of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012) (noting that "[p]ersons sued in their individual capacities under § 1983 can be held liable based only on their own unconstitutional behavior"); *Murphy v. Grenier*, 406 F. App'x at 972, 974 (6th Cir. 2011) ("Personal involvement is necessary to establish section 1983 liability").  In other words, individual liability "must be based on the actions of that defendant in the situation that the defendant faced, and not based on any problems caused by the errors of others, either defendants or non-defendants."  *Gibson v. Matthews*, 926 F.2d 532, 535 (6th Cir. 1991).  A defendant must, therefore, play more than a passive role in the alleged violation or show mere tacit approval of the actions in question.  *Rizzo*, 423 U.S. at 371.

With respect to Defendants Mohr, Knab, Arledge, Hamilton, Johnson, and Pierce, neither Plaintiff's Complaint nor Plaintiff's Motion for Summary Judgment contains any factual

15

allegation that if proved would show their personal involvement in the alleged misconduct. To the extent Plaintiff includes these Defendants in his Complaint, it is merely to make the conclusory statement that they "had a direct involvement in the concealment, mishandling and destruction of Plaintiff's legal mail." (ECF No. 1-1 at 20.) However, Plaintiff never thereafter indicates how, if at all, these Defendants were personally involved in any of the alleged misconduct. None of Plaintiff's affidavits attached to his Motion for Summary Judgment provide any evidence as to these Defendants' personal liability for any of the alleged misconduct. (ECF No. 38 at 9-16.) Plaintiff's conclusory allegations fail to demonstrate the existence of a genuine dispute as to a material fact. As to these Defendants, therefore, Plaintiff's claims are, in addition to the deficiencies already noted, without merit for failure to show Defendants' personal liability.

## IV. CONCLUSION

For the reasons explained above, the Undersigned **RECOMMENDS** that Plaintiff's Motion for Summary Judgment be **DENIED** and that Defendants' Motion for Summary Judgment be **GRANTED**.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, it may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**IT IS SO ORDERED.**

Date: October 27, 2015                    /s/ *Elizabeth A. Preston Deavers*
                                          ELIZABETH A. PRESTON DEAVERS
                                          UNITED STATES MAGISTRATE JUDGE